COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:      Pointe West Center, LLC v. It's Alive, Inc. and Shamil Qureshi

Appellate case number:    01-14-00779-CV

Trial court case number:   1022800

Trial court:               County Civil Court at Law No. 1 of Harris County

Appellant, Pointe West Center, LLC, appeals from a final judgment rendered on June 18, 2014, by the trial court. Appellees, It's Alive, Inc. and Shamil Qureshi, have filed a motion to dismiss the appeal for want of jurisdiction, contending that the appellant's September 17, 2014 notice of appeal was untimely filed one day late as it was filed on the 91st day after the final judgment was signed. We deny the appellees' motion to dismiss the appeal and grant appellant's motion for leave to late file notice of appeal.

Generally, a notice of appeal is due within thirty days after the judgment is signed. *See* TEX. R. APP. P. 26.1. The deadline to file a notice of appeal is extended to 90 days after the date the judgment is signed if any party timely files a motion for new trial, a motion to modify the judgment, a motion to reinstate, or, if findings of fact and conclusions of law are required by the Rules of Civil Procedure or could properly be considered by the appellate court, a request for findings of fact and conclusions of law. *See* TEX. R. APP. P. 26.1(a).

In this case, the trial court signed the final judgment on June 18, 2014. Appellant timely filed a motion for reconsideration on July 8, 2014, which the trial court denied on August 29, 2014. Thus, appellant's deadline to file its notice of appeal was extended for 90 days after the signing of the final judgment, or until September 16, 2014.

Even though appellant did not file its notice of appeal within 90 days of the Final Judgment, it filed its notice 91 days after the final judgment, which was within the 15-day extension period. *See* TEX. R. APP. P. 26.3. The time to file a notice of appeal may be extended if, within 15 days after the deadline, a party properly files a notice of appeal and

a motion for extension. *See* TEX. R. APP. P. 10.5(b), 26.3. A motion for extension of time is necessarily implied when an appellant, acting in good faith, files a notice of appeal beyond the time allowed by Rule 26.1, but within the fifteen-day extension period provided by Rule 26.3. *See* TEX. R. APP. P. 26.1, 26.3; *Verburgt v. Dorner*, 959 S.W.2d 615, 617–18 (Tex. 1997). Thus, the Clerk of this Court issued a notice on October 23, 2014, requesting, within 10 days of that notice, that appellant provide a reasonable explanation for filing its notice of appeal untimely or this Court may dismiss this appeal for want of jurisdiction. *See Verburgt*, 959 S.W.2d at 617–18.

On October 23, 2014, appellant filed its response to appellees' motion and, in the alternative, filed its motion for leave to late file notice of appeal in response to the Clerk's notice. Appellant's counsel submitted an affidavit with its alternative motion explaining that, after receiving a copy of the Final Judgment, he had calendared 90 days from the day after the judgment was signed, or June 19, 2014, to record his appellate deadlines based upon his understanding of Texas Rule of Appellate Procedure 4.1(a), which states that the day of the act is not included when computing a period, and came up with September 17, 2014, as his deadline. Thus, appellant's counsel stated that "[a]ny miscalculation of the date the Notice of Appeal was due was based on inadvertence of the undersigned." On October 31, 2014, appellees filed their reply.

The Texas Supreme Court has defined "reasonable explanation" to mean "any plausible statement of circumstances indicating that failure to file within the [specified] period was not deliberate or intentional, but was the result of inadvertence, mistake or mischance." *Hone v. Hanafin*, 104 S.W.3d 884, 886 (2003) (internal quotation marks and citation omitted). In this case, we find appellant's counsel's inadvertent miscalculation of the dates to be a "reasonable explanation," and thus we find that the notice of appeal was timely filed. *Hernandez v. Lopez*, 288 S.W.3d 180, 184 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (citing, *inter alia*, *Hone*, 104 S.W.3d at 885-86) (finding that, because appellant's counsel had "inadvertently miscalculated the dates, we impl[ied] an extension of time, and we conclude[d] that [appellant's] notice of appeal was timely filed.")

Accordingly, we **deny** the appellees' motion to dismiss the appeal for want of jurisdiction and **grant** appellant's motion for leave to late file, construed as a motion for extension of time to file the notice of appeal. *See* TEX. R. APP. P. 26.1(a)(2), 26.3.

It is so ORDERED.

Judge's signature: /s/ <u>Laura C. Higley</u>
               ☒ Acting individually    ☐ Acting for the Court

Date: November 6, 2014